UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
Guo Hua Wang, *individually and on behalf of all others similarly situated*,

                            Plaintiff,

v.

CGY & J Corp. d/b/a Kitaro, and
Guo Yong Chen,

                            Defendants.
------------------------------------------------------------X

Case No:

**COLLECTIVE ACTION COMPLAINT**

Plaintiff Guo Hua Wang ("Plaintiff" or "Wang"), on behalf of himself and all others similarly situated, by and through his undersigned attorneys, hereby brings this complaint against Defendants CGY & J Corp. d/b/a Kitaro ("Corporate Defendant" or "Kitaro"), Guo Yong Chen ("Individual Defendant") (collectively "Defendants") and alleges as follows:

## INTRODUCTION

1. This is an action brought by Plaintiff on his own behalf and on behalf of similarly situated employees, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New York Labor Law ("NYLL"), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiff, compensation for all hours worked, minimum wage, and overtime compensation for all hours worked over forty (40) each workweek.

3. Plaintiff alleges, pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid wages and minimum wages, (2) unpaid overtime wages, (3) liquidated damages, (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

4. Plaintiff further alleges pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations § 146 ("NYCRR") that he is entitled to recover from the Defendants: (1) unpaid wages and minimum wages, (2) unpaid overtime compensation, (3) unpaid "spread of hours" premium for each day he worked ten (10) or more hours, (4) compensation for failure to provide wage notice at the time of hiring and failure to provide paystubs in violation of the NYLL (5) liquidated damages equal to the sum of unpaid wages and minimum wage, unpaid "spread of hours" premium, unpaid overtime pursuant to the NY Wage Theft Prevention Act; (7) prejudgment and post-judgment interest; and (8) attorney's fees and costs.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

7. Plaintiff Guo Hua Wang ("Plaintiff" or "Wang") is an individual residing in Queens, New York.

8. From approximately 2004 to present, Plaintiff has been employed as a delivery worker by Defendants in their restaurant located at 510 Amsterdam Avenue, NY 10024.

## DEFENDANTS

*Corporate Defendants*

9. Upon information and belief, Defendants operate a restaurant enterprise with a principal place of business at 510 Amsterdam Avenue, NY 10024.

10. Upon information and belief, Defendant CGY & J Corp. is a domestic business corporation organized under the laws of the State of New York with a principal business address at 510 Amsterdam Avenue, New York, NY 10024.

11. Upon information and belief, Defendant, CGY & J Corp. had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

12. Upon information and belief, CGY & J Corp. purchased and handled goods moved in interstate commerce. For instance, CGY & J Corp. has employees who worked on food produce and cooking supplies originated outside the State of New York.

*Owner/ Operator Defendants*

13. The Individual Defendant is an officer, director, manager and/or majority shareholders or owner of the Corporate Defendant and being among the ten largest shareholders, is individually responsible for unpaid wages under the New York Business Corporation Law. N.Y. Bus. Corp. Law § 630(a).

14. Upon information and belief, Defendant Guo Yong Chen is the Chief Executive Officer of CGY & J Corp. d/b/a Kitaro at 510 Amsterdam Avenue, New York, NY 10024 and participated in the day-to-day operations of Kitaro and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder,

29 C.F.R. §791.2; NYLL §2 and the regulations thereunder; and is jointly and severally liable with CGY & J Corp.

15. Upon information and belief, Defendant Guo Yong Chen owns the stock of CGY & J Corp. and manages and makes all business decisions including but not limited to the amount in salary the employees will receive and the number of hours employees will work; and being amongst the ten largest corporate shareholders, Guo Yong Chen is individually responsible for unpaid wages under Section 630 of the New York Business Corporation Law.

16. Plaintiff has fulfilled all conditions precedent to the institution of this action and/ or conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

17. Plaintiff brings this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants at their restaurant locations for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") (the "Collective Action Members"). Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than forty (40) Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

18. Plaintiff will fairly and adequately protect the interests of the Collective Action Members, and have retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

19. This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

20. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

21. Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

   a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

   b. Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

c. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

22. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

23. Plaintiff and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## STATEMENT OF FACTS

24. Defendants committed the following alleged acts knowingly, intentionally and willfully.

25. Defendants knew that the nonpayment of minimum wage, overtime pay, spread of hours pay, and failure to provide the required wage notice at the time of hiring and to furnish wage statements with every payment of wages would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

26. From approximately 2004 to present, Defendants hired Plaintiff to work as a food delivery person for their restaurant, namely Kitaro located at 510 Amsterdam Avenue, New York, NY 10024.

27. Defendant Guo Yong Chen ("Individual Defendant" or "Chen") is regularly present at Kitaro and manages its day-to-day operations.

28. Chen interviewed and hired Plaintiff.

29. Chen supervises and controls employees work schedules and terms of employment at Kitaro, including Plaintiff. For instance, Plaintiff is subject to verbal criticism from Chen regarding Wang's performance.

30. Chen decided the rate and method of Plaintiff's wage payments.

31. Chen maintained employee records at Kitaro including Plaintiff, including handling wage payments to Plaintiff.

32. Throughout his employment with Defendants, Plaintiff works six days a week with Tuesday off at the following schedule: on Monday, Wang works from 11:30 am to 10:00 pm; on Wednesday and Saturday, Wang works from 6:00am to 11:00 am without a break; on Sunday, Wang works from 11:30am to 10:00 pm; and Wang worked on either Thursday or Friday, with either the "morning" shift from 11:30 am to 10:00 pm or the "late" shift from 1:00 pm to 11:00pm, the two kinds of shifts rotating weekly.

33. Wang was entitled to a one-hour meal break except on Wednesday and Saturday when he worked throughout the shift without a break. As a result, Plaintiff worked approximately 50.5 hours per week.

34. In addition to delivery food items to Defendants' customers, Plaintiff is required to spend more than 20 percent of each shift doing non-tipped "side work", including packaging sauce cups, carboarding delivery packages, inventorying supplies between the basement and the sushi bar, and preparing salad.

35. Plaintiff was required to punch time cards during his employment with Defendants.

36. Despite the long hours worked by Plaintiff, Defendants paid Wang $800 per month, payable weekly, throughout his employment with Defendants.

37. Defendants paid Plaintiff in cash since 2004 and then paid him in check since around 2012.

38. Throughout his employment with Defendants, Plaintiff has not been compensated for all hours worked above forty (40) in each workweek according to state and federal laws.

39. Throughout his employment with Defendants, Plaintiff is not an exempted employee under federal or state laws.

40. Plaintiff was not provided a written wage notice, in English and in Chinese (the primary language identified by Plaintiff) when he was hired, including but not limited to information about his rate of pay and basis thereof, allowances, including tip and meals credits, claimed by Defendants, and the regular pay day designated by Defendants.

41. Defendants did not provide Plaintiff with a correct wage statement with every wage payment.

42. Rather, Defendants require Plaintiff to sign partially filled "compensation receipt" forms at as condition each time when Plaintiff receives his wages.

43. Upon information and belief, Defendants willfully and malicious falsify employee records to circumvent the minimum wage and overtime requirements of FLSA and NYLL.

44. Plaintiff identifies at least nine other workers who have been subject to the same unlawful employment and payroll practices as Plaintiff, including: another deliveryman, two cooks, one helper, three sushi bar chefs, 2 servers, including one Indonesian server named "Bibi."

45. Defendants maintained a policy and practice of failure to reimburse Plaintiff for "tools of trade" costs specifically required to perform his work, namely delivering hot food to Defendants' customers. Plaintiff is required to purchase and replace his electric bicycles every other year on average. Plaintiff has purchased about nine electric bicycles: three Li-ion battery

electric bikes for about $1,800 each since 2005; about seven lead-battery bikes for about $800 each.

## STATEMENT OF CLAIMS
### COUNT I
### [Violations of the Fair Labor Standards Act—Minimum Wage Brought on behalf of Plaintiffs and the FLSA Collective]

46. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

47. At all relevant times, upon information and belief, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §206(a) and §207(a). Further, Plaintiffs are covered within the meaning of FLSA, U.S.C. §§206(a) and 207(a).

48. At all relevant times, Defendants employed "employees" including Plaintiffs, within the meaning of FLSA.

49. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

50. The FLSA provides that any employer engaged in commerce shall pay employees the applicable minimum wage. 29 U.S.C. § 206(a).

51. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs, and the collective action members, for some or all of the hours they worked.

9

52. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

53. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiffs and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

## COUNT II
### [Violation of New York Labor Law—Minimum Wage
### Brought on behalf of Plaintiff]

54. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

55. At all relevant times, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

56. Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

57. Defendants knowingly and willfully violated Plaintiffs' and Class Members' rights by failing to pay them minimum wages in the lawful amount for hours worked.

## COUNT III
### [Violations of the Fair Labor Standards Act—Overtime Wage
### Brought on behalf of the Plaintiff and the FLSA Collective]

58. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

59. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

60. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 U.S.C. §216(b).

61. Defendants' failure to pay Plaintiff and the FLSA Collective their overtime premiums violated the FLSA.

62. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiffs and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

63. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

64. Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiffs' and FLSA Collectives' labor.

65. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when

11

they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

## COUNT IV
### [Violation of New York Labor Law—Overtime Pay
### Brought on behalf of Plaintiff]

66. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

67. Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

68. Defendants' failure to pay Plaintiff and the Rule 23 Class their overtime premiums violated the NYLL.

69. Defendants' failure to pay Plaintiff and the Rule 23 Class was not in good faith.

## COUNT V
### [Violation of New York Labor Law—
### Time of Hire Wage Notice Requirement]

70. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

71. The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of

employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL §195-1(a).

72. Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on his or her first day of employment.

73. Defendants not only did not provide notice to each employee at Time of Hire but also failed to provide notice to Plaintiffs thereafter.

74. Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

## COUNT VI
### [Violation of New York Labor Law—New York Pay Stub Requirement]

75. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

76. The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

77. Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff and did not provide the paystub on or after each Plaintiff's payday.

78. Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to

$5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law §198(1-d).

## COUNT VII
### [Violation of New York Labor Law— Spread of Time Pay Brought on behalf of Plaintiff]

79. Plaintiff re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

80. The spread of hours is the length of the interval between the beginning and end of an employee's workday. N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6.

81. On each day on which the spread of hours exceeds 10, an employee shall receive one additional hour of pay at the basic minimum hourly rate. N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6. The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§190, et seq., and §§650, et seq., and New York State Department of Labor regulations §146-1.6.

82. The length of the interval between the beginning and end of Plaintiff's workday regularly exceeds 10 hours.

83. Defendants' failed to pay Plaintiff spread-of-hours pay at the applicable rate.

84. Defendants' failure to pay Plaintiff spread-of-hours pay was not in good faith.

## COUNT VIII
### [Violation of the Fair Labor Standards Act —Failure Reimburse for Expenses relating to Tools of the Trade]

91. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

92. At all relevant times, Defendants had a policy and practice of refusing to reimburse Plaintiff for expenses incurred in relation to tools of the trade used by Plaintiff in order to deliver food to customers of Defendants.

93. Defendants failed to pay Plaintiff for expenses incurred in relation to tools of the trade: Plaintiff has purchased about nine electric bicycles: three Li-ion battery electric bikes for about $1,800 each since 2005; about seven lead-battery bikes for about $800 each.

94. At all relevant times, Defendants had a policy and practice of refusing to reimburse Plaintiff for expenses incurred in relation to tools of the trade used by Plaintiff in order to deliver food to customers of Defendants.

95. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to reimburse Plaintiff for expenses incurred in relation to tools of the trade used by Plaintiff when Defendants knew or should have known such was due.

## **Prayer For Relief**

WHEREFORE, Plaintiff, on behalf of himself, and the FLSA collective plaintiffs, respectfully request that this court enter a judgment providing the following relief:

a) Authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been employed by defendants as non-exempt tipped or non-tipped employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b) Certification of this case as a collective action pursuant to FLSA;

c) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and

appointing Plaintiff and his counsel to represent the Collective Action Members;

d) A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

e) An injunction against Defendants, their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f) An award of unpaid wages, minimum wages and overtime premiums due Plaintiff and the Collective Action members under the FLSA and New York Labor Law, plus compensatory and liquidated damages in the amount of twenty five percent under NYLL §§190 et seq., §§650 et seq., and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, and interest;

g) An award of unpaid overtime wages due under FLSA and New York Labor Law;

h) An award of damages for Defendants' failure to provide wage notice at the time of hiring as required under the New York Labor Law;

i) An award of damages for Defendant's failure to provide correct wage statements with every payment of wages as required under the New York Labor Law;

j) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages, minimum wages and overtime compensation pursuant to 29 U.S.C. §216;

k) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

l) The cost and disbursements of this action;

m) An award of prejudgment and post-judgment interests;

n) Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

o) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York
February 25, 2019

                                          Respectfully Submitted,

                                          HANG & ASSOCIATES, PLLC

                                          By: _____/s/_____
                                          Ge Qu, Esq.
                                          136-20 38th Ave. Suite 10G
                                          Flushing, NY 11354
                                          Tel: (718) 353-8588
                                          Fax: (718) 353-6288
                                          Email: rqu@hanglaw.com
                                          *Attorneys for Plaintiff*

# EXHIBIT 1

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by CGY & J Corp. d/b/a Kitaro Sushi, Guo Yong Chen and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

Guo hua Wang
Full Legal Name (Print)

_[signature]_
Signature

12/7/18
Date