# HANG & ASSOCIATES, PLLC
ATTORNEYS AT LAW
136-20 38th Avenue, Suite 10G
Flushing, New York 11354

Feburary 26 2021

Shan Zhu, Esq.
Tel: (718) 353-8588
Fax: (718) 353-6288
Email: szhu@hanglaw.com

**VIA EMAIL**
Hon. Judge Stewart D. Aaron.
United State District Court
Southern District of New York
500 Pearl Street, Room 1970
New York, NY 10007
Aaron_NYSDChambers@nysd.uscourts.gov

                       **RE:    Wang et al v. CGY & J Corp. et al**
                               Docket No. 1:19-cv-01772-ER

Dear Judge Aaron:

       Plaintiff, Guo Hua Wang, and Defendants CGY & J Corp. d/b/a Kitaro, Guo Yong Chen, Mei Nai Lin a/k/a Tina (collectively, the "Defendants") respectfully request that the Court approve the settlement agreement reached in this matter. A copy of the executed settlement agreement is annexed herein as **Exhibit A**.

## Settlement Amount

       Both parties believe that the settlement amount is fair and reasonable. This action was originally brought by Plaintiff Wang for, among other things, alleged minimum wage and overtime violations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201 et seq., and the New York Labor Law ("NYLL"). Plaintiff Huang later joined this lawsuit.

       Plaintiff Wang alleges that he was employed as a delivery worker from approximately 2004 to February 26, 2019. Plaintiff Wang claims that Defendants paid him a fixed monthly rate of $800 regardless of the hours he worked.

       Plaintiff Wang alleges that he worked six days per week with Tuesday. On Mondays, Plaintiff Wang worked from 11:30 am to 10:00 pm, On Wednesday and Saturday, Wang worked from 6:00 am to 11:00 am. On Sundays, Wang worked from 11:30 am to 10:00 pm. On Thursday and Friday, Plaintiff Wang worked either one "morning" shift from 11:30 to 10:00 pm and one "late" shift from 1:00 pm to 11:00 pm.

       If Plaintiffs were to prevail on all of their claims, including minimum wages, overtime, and statutory damages for violations of Wage Theft Prevention Act, exclusive of attorney's fees,

and costs, he would be entitled to recovery totaling approximately $285,440.73. A copy of the damage calculation is annexed herein as **Exhibit B**. Plaintiffs are confident that they will be able to prove their allegations through witness testimonies and documentary evidence.

During the course of litigation, Defendants produced wage notices signed by Plaintiff Wang. Plaintiff has calculated the damage base on the wage notice produced by the Defendants. Plaintiff Wang would be entitled to recovery totaling approximately $209,881.47. A copy of the damage calculation is annexed herein as **Exhibit C**.

On the other hand, Defendants deny all of Plaintiff's allegations. Defendants contest Plaintiff's working hours and maintain that Plaintiff were paid for hours worked.

If Defendants were to prevail on all of their defenses, the amount of damages owed to Plaintiff would be $0. Significantly, if the case were to go to trial, Defendants argue that they would be able to demonstrate via documentary evidence and witness testimony that Plaintiffs worked fewer hours than alleged and were properly paid compensation.

The gross settlement amount is $50,000.00, inclusive of Plaintiff's counsel's attorney's fees and costs of $16,933.33; and distribution to Plaintiffs in the amount of $33,066.67. This reflects a reasonable compromise between the parties' dispute over Defendants' alleged wage and hour violations, and this amount considers the costs and uncertainty of protracted litigation. This settlement was reached after extensive negotiations between the parties' respective attorneys including a settlement conference held before Magistrate Judge Stewart D. Aaron and the parties agree that the settlement is fair and reasonable. We believe this to be a fair resolution of this matter, due to certain bona fide disputes about the value of Plaintiff's claims and the risks attendant with continuing the litigation.

Moreover, Plaintiff was incentivized to settle because due to the Pandemic, parties are unlikely to conduct a jury trial soon. Should Plaintiff insist on further litigating this matter, the value of his damages would decrease not only due to ordinary litigation risks, but also simply with the passage of time, and the likelihood that any recovery would only be paid out over a significant length of time. By settling now, Plaintiff ensure that he will get much of what he could potentially recover upfront, and he does so without having to face the possibility that his claims may be undermined at trial.

## **FLSA Settlement Approval**

Judicial approval of a wage and hour settlement brought under the FLSA depends on whether it is fair and reasonable. Courts look to the following factors: "(1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). In addition, given the purposes of the FLSA, factors that weigh against approving a settlement also include the following: (1) "the presence of other employees situated similarly to the claimant"; (2) "a likelihood that the claimant's circumstance will recur"; (3) "a history of FLSA non-compliance by the same employer or others in the same industry or geographic region"; and (4)

the desirability of "a mature record" and "a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace." *Id*. at 336. (Citations omitted.)

Here, the settlement amount represents a fair comprises considering that Plaintiff's potential recovery ranges from $0 to $285,440.73. The settlement reflects a fair and reasonable compromise of disputed issues rather than "a mere waiver of statutory rights brought about by an employer's overreaching." *Lliguichuzhca v. Cinema* 60, LLC, 948 F. Supp. 2d 362, 366, (S.D.N.Y. 2013)) (citations omitted). The settlement was reached after judicial intervention and litigation in this District. "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." *Zeltser v. Merrill Lynch & Co.*, 2014 U.S. Dist. LEXIS 135635, at *16 (S.D.N.Y. Sept. 23, 2014) (citations omitted).

In addition, the parties face substantial litigation risks. The costs associated with a jury trial weigh in favor of settlement approval. Here, parties have been able to resolve the matter before being scheduled for jury trial. In light of the uncertainties associated with establishing liability, as well as Plaintiff's desire to avoid future legal proceedings, the settlement amount reached here is reasonable. Cf., e.g., *Beckert v. Ronirubinov*, 2015 U.S. Dist. LEXIS 167052, at *4 (S.D.N.Y. Dec. 14, 2015) (holding that a settlement of approximately 25% of the amount initially sought was a "substantial proportion of the maximum possible recovery" and fair, especially in light of the risks associated with litigation);*Martinez v. Hilton Hotels Corp.*, 2013 U.S. Dist. LEXIS 117738, at *9 (S.D.N.Y. Aug. 20, 2013) (Court found settlement reasonable because, inter alia, it was a "compromise over contested issues" "in light of the unpredictability of the outcome at trial"); *Garcia v. BAE Cleaners Inc*., 2012 U.S. Dist. LEXIS 51867, at *2 (S.D.N.Y. April 12, 2012) (holding that the settlement fair and reasonable even though the settlement amount was less than the potential liquidated damages awardable under the FLSA because it "reflect[ed] a reasonable compromise over" issues that had been "contested in the litigation").

Moreover, the defendant restaurant is in dire condition, in light of the global COVID-19 pandemic. Defendants represent that it is losing money on a monthly basis and that it is only able to continue thanks to the landlord's rent abatement and governmental grants and loans. Therefore, the collectability of the judgment is in serious question, even assuming Plaintiff is able to secure on after the trial.

Arm's length bargaining between represented parties weighs in favor of finding a settlement reasonable. See, e.g., *Lliguichuzhca*, 948 F. Supp. 2d at 366; *Zeltser*, 2014 U.S. Dist. LEXIS 135635, at *17 (finding an FLSA settlement reasonable where, as here, it was the result of arm's-length negotiations and "Plaintiffs and Defendants were represented by counsel experienced in wage and hour law."). Here, counsel for both parties are experienced litigators. The Hang & Associates PLLC practices primarily on employment law issues. The settlement was reached after intensive negotiations during a judicial settlement conference held before Judge Aaron. Parties exchanged multiple demands and offers of settlement before settling on the terms of this proposed settlement. Moreover, prior to entering into the settlement agreement, Plaintiffs have thoroughly considered the risks and benefits of continuing the litigation. The Settlement Agreement reflects the conclusion on the part of experienced counsel for all parties that the terms were a fair and reasonable assessment of their respective risks.

Lastly, factors that weigh against settlement approval are absent in this case. This matter has not been conditionally certified as a collective action; thus, the settlement of this action will have no impact on any other employees or their rights. Plaintiffs are no longer employed by Defendants so there is no likelihood that Plaintiffs' circumstances will recur. Additionally, this case presents no novel questions of law that would benefit future litigants from a mature record.

### Attorney's Fees

The settlement agreement also provides for reasonable attorneys' fees. Pursuant to our firm's agreement with the Plaintiffs, the Firm will retain 1/3 of the Settlement Amount as attorneys' fees and reimbursement for costs, which is $16933.33 equal to $36533.33 for attorneys fees, and $400 Court filing fee. Based on previous experience in handling FLSA and NYLL matters, this is a standard and acceptable arrangement for attorneys' fees.

Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. See, e.g., *Calle v. Elite Specialty Coatings Plus, Inc*., 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp*., 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). This case is distinguishable from the case cited in Cheeks, wherein that settlement agreement was denied because the attorneys' fees were set at between 40 and 43.6 percent of the total payment, without justification to support the higher fees. *Cheeks v. Freeport Pancake House, Inc*., 796 F3d 199, 206 (2d Cir 2015) (citing *Lopez v Nights of Cabiria, LLC*, 96 F Supp 3d 170, 181-82 (S.D.N.Y. 2015). Therefore, as one-third is standard practice in FLSA claims, it is a fair number for this matter as well.

While the Second Circuit's ruling in *Cheeks* did not outline the factors for approving a settlement, certain red-flag issues were identified, such as the inclusion of confidentiality provisions, general releases, and attorneys' contingency fees in excess of 40%. *Id*. at 206. This Agreement contains no such red flags. Moreover, since the Cheeks decision, many courts have recognized the "percentage of the fund" method as an appropriate means by which to compensate plaintiff's attorneys in FLSA settlements. See *Velasquez v. Digital Page*, No. 11 Civ. 3892, 2016 U.S. Dist. LEXIS 84554, at *4 (E.D.N.Y. June 28, 2016) (applying one-third of percentage of fund method in approving settlement); see also *Hiang v. Chiang*, No. 16 Civ. 1129, 2016 U.S. Dist. LEXIS 142670, at *7-8 (S.D.N.Y. Oct. 14, 2016) (awarding attorneys' fees of one-third of settlement amount in FLSA case); *Chauca v. Abitino 's Pizza 49th St. Corp*., No. 15 Civ. 6278, 2016 U.S. Dist. LEXIS 86206, at *6 (S.D.N.Y. June 29, 2016) (awarding attorneys' fees in amount of one third of gross settlement); *Meza v. 317 Amsterdam Corp*., No. 14 Civ. 9007, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015) (when using the "percentage of the fund" approach, "courts regularly approve attorneys' fees of one-third of the settlement amount in FLSA cases"); *Rangel v. 639 Grand St. Meat & Produce Corp.*, No. 13 Civ. 3234, 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013) (approving attorneys' fees of one third of the FLSA settlement amount); *Febus v. Guardian First Funding Group, LLC*, 870 F. Supp. 2d 337, 340-41 (S.D.N.Y. 2012) ("a fee that is one-third of the fund is typical" in FLSA cases).

Therefore, the attorney's fees requested are reasonable under the circumstances. *Cf. Scott v. BK Beasts LLC*, No. 17-CV-699 (RRM) (PK), 2018 U.S. Dist. LEXIS 75928, at *5 (E.D.N.Y.

4

May 3, 2018) (holding attorney's fees request totaling 38% of the settlement fund reasonable because the attorney's fees requested "fall below the lodestar amount").

In addition, Plaintiffs' request for attorney's fees is reasonable because it is supported by a "cross-check" using the lodestar method. See *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000) (encouraging the practice "of requiring documentation of hours as a 'cross check' on the reasonableness of the requested percentage"); *see* also *In re Citigroup Inc. Sec. Litig.*, 965 F. Supp. 2d 369, 373-74 (S.D.N.Y. 2013) (applying the lodestar "cross-check" to assess the reasonableness of fees calculated using the percentage method). Here, Plaintiffs' counsel spent approximately 117.20 hours in this matter. Attached hereto as **Exhibit D** is a copy of the time record maintained by this Firm. Were Plaintiffs billed hourly, the attorney's fees would amount to $26,527.50.

The hourly rate billed here are fair and reasonable. JIAN HANG is the principal of Hang Law and has represented Plaintiffs since the inception of this lawsuit. Mr. Hang has over ten years of experience litigating and trying cases in this area. He graduated from the Law School of University of Arkansas at Little Rock ("UALR") in 2005. He is a member of the bar in New York, Pennsylvania, District of Columbia, all four District Courts of New York, Middle District of Pennsylvania, Eastern District of Pennsylvania, District of Connecticut, and Court of Appeals for the District of Columbia Circuit. Prior to forming Hang & Associates, PLLC in January 2013, Mr. Hang practiced labor and employment law at Epstein, Becker, & Green, P.C., one of the most well recognized management-side labor and employment law firms in the country, for about eight (8) years. The many years of experience and the fact that Jian Hang's practice focuses primarily on employment law, with a significant percentage devoted to wage and hour litigation, warrants the hourly rate we seek in this case of $350 per hour.

The hourly rate of $325 requested by the Ge Qu is reasonable. See *Romero v. Westbury Jeep Chrysler Dodge*, Inc., No. 15-CV-4145 (ADS) (SIL), 2016 U.S. Dist. LEXIS 46462, 2016 WL 1369389, at *2 (E.D.N.Y. Apr. 6. 2016) ("Recent decisions in the Eastern District of New York have determined that reasonable hourly rates in FLSA cases are approximately $300-$450 for partners, $200-$325 for senior associates, $100-$200 for junior associates, and $60-$80 for legal support staff."). Mr. Qu has been practicing in this district since June 2016. Mr. Qu has substantial experience litigating FLSA matters from pleading to trial representing both employees and employers. In addition to FLSA cases, Mr. Qu has litigated employment matters arising under Title VII, Family Medical Leave Act, and Equal Pay Act. Mr. Qu dedicated the majority of his time to FLSA matters including more than 20 cases in this District alone. In addition, Mr. Qu represents employees as well as employers before federal and state agencies such as the National Labor Relations Board, Equal Employment Opportunity Commission, and New York State Human Rights Division. For instance, Mr. Qu has successfully represented an employer from a retaliation charge filed with NLRB in connection, resulting in dismissal. Mr. Qu also represents commercial tenants in actions arising under Title III of the American with Disabilities Act. Hang Law has routinely billed his service to clients, including FLSA matters, at $300 per hour. Mr. Qu received a Juris Doctor degree from Fordham University School of Law in 2015; and an advanced LLM in Law & Entrepreneurship degree from Duke University School of Law.

Jiajing Fan, Esq., has been practicing in employment and labor laws since September 2018. She received LLM-Legal Institutions Degree from the University of Wisconsin Madison

Law School in 2016.  Before she joined Hang & Associates, she had litigation assistance experience in housing laws litigations in Legal Actions of Wisconsin from December 2017 to May 2018. Since September 2018, she has had substantial experience litigating FLSA matters from pleading to trial representing both employees and employers.  She has dedicated the majority of her time to FLSA matters including more than 70 cases in this District alone. Hang Law has routinely billed her service to clients since January 2019, including FLSA matters, at $300 per hour.

The hourly rate of $300 requested by the undersigned attorney is reasonable. I, Shan Zhu, am an associate attorney on this case and am admitted in the State of New York. I joined Hang & Associates in 2019. Before I joined Hang & Associates, I worked for a boutique employment law firm in New Jersey since 2018 where I acquired my experience litigating FLSA matters representing both employees and employers. I also represented clients in complex commercial litigations. I received a Juris Doctor degree from Case Western Reserve University School of Law in January 2018; and an LLM from the same law school in 2014.

Therefore, the attorney's fees requested are reasonable under the circumstances. *Cf. Scott v. BK Beasts LLC*, No. 17-CV-699 (RRM) (PK), 2018 U.S. Dist. LEXIS 75928, at *5 (E.D.N.Y. May 3, 2018) (holding attorney's fees request totaling 38% of the settlement fund reasonable because the attorney's fees requested "fall below the lodestar amount").

For all of the reasons set forth above, the parties request that the Court approve the Agreement and enter the proposed Stipulation and Order of Dismissal that is being submitted simultaneously herewith, which expressly provides that the Court will retain jurisdiction over this matter solely for purposes of enforcing the Agreement.

We thank the Court for its courtesy and continued attention to this matter.

                                                 Respectfully,

                                                 *s/ Shan Zhu*
                                                 Shan Zhu, Esq.